**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>    v.<br><br>STERI-TECH, INC.,<br>    Defendant. | Civil Action No. 25-cv-1319 |

**MOTION FOR LEAVE TO PARTICIPATE IN RULE 26(F) DISCOVERY**
**CONFERENCE**

Proposed-Intervenor Comité Diálogo Ambiental ("Comité") respectfully submits this

Motion to Participate in Rule 26(f) Discovery Conference in this case scheduled to be held in

July. Comité requested consent from Plaintiff United States and Defendant Steri-Tech, Inc.

("Steri-Tech") to participate in the conference. The United States does not object to Comité's

participation as a proposed intervenor in light of the potential for an affirmative ruling on

Comité's Motion to Intervene. Dkt. 12. As of this filing, Steri-Tech has not responded to

Comité's request for consent to participate. In support of this motion, Comité states the

following:

1.      On June 13, 2025, pursuant to its authority under Clean Air Act section 113(b), 42

U.S.C. § 7413(b), the United States Department of Justice, on behalf of the United States

Environmental Protection Agency ("EPA"), sued Steri-Tech alleging violations of Clean Air Act

section 112, *id.* § 7412, EPA implementing regulations, and the Puerto Rico State

Implementation Plan implementing Puerto Rico Regulations for the Control of Atmospheric

Pollution at its commercial sterilizer facility in Salinas, Puerto Rico ("Salinas Facility"). Dkt. 1.

The United States' complaint alleges that Steri-Tech failed to comply with requirements to

reduce ethylene oxide emissions by the requisite amount, to operate its control equipment at the requisite temperature, and to calculate the daily average temperature of control equipment to ensure continuous compliance. *Id.* ¶¶ 1, 72–109.

2.      On November 13, 2025, Comité Diálogo Ambiental, a non-profit community organization based in Salinas, Puerto Rico, moved to intervene as of right as a plaintiff in this case under Federal Rule of Civil Procedure 24(a)(1), or, in the alternative, to intervene as of right under Rule 24(a)(2) or permissively under Rule 24(b). Dkt. 12 at 4–15.

3.      Many of Comité's members live, work, or recreate near the Salinas Facility. They have suffered or may suffer injury to their environmental, recreational, aesthetic, or economic interests due to the Salinas Facility's unlawful emissions of ethylene oxide. Comité's members living, working, or recreating near the Salinas Facility observe and experience the adverse effects of these emissions, including health problems and limits on their ability to enjoy outdoor activities like walking, exercising, and socializing with family and neighbors. *See id.* at 4–5 (citing Dkt. 12-3, Decl. of Lourdes Ramos ¶¶ 7–8, 11–12, 15; Dkt. 12-2, Decl. of Víctor Alvarado-Guzmán ¶¶ 6, 9, 12; Dkt. 12-4, Decl. of Gloricela Santiago-Martínez ¶¶ 5, 7–9, 10–13). They are very concerned that the Facility's ethylene oxide emissions have significantly increased and will continue to increase their risk of developing cancer and other health problems.

4.      Federal Rule of Civil Procedure 24(a)(1) requires courts to allow intervention upon timely motion to anyone who "is given an unconditional right to intervene by a federal statute." As Comité explained in its Motion, section 304(b)(1)(B) of the Clean Air Act provides such a right: When the government "has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with [a] standard, limitation, or order," like here, "any person may intervene as a matter of right." 42 U.S.C. § 7604(b)(1)(B).

2

This is an action to require compliance with a standard, limitation, or order of the Clean Air Act, Dkt. No. 1 ¶¶ 1, 72–109, and Comité is a person as defined by the Clean Air Act, 42 U.S.C. § 7602(e). Comité timely filed its motion. *See* Dkt. 12 at 5–7.

5.      In the alternative, Comité satisfies the requirements for intervention under Rule 24(a)(2). Comité has demonstrated that it has significant interests that will be impeded if it is not permitted to intervene and that those interests are not adequately represented by the United States. This case will "[d]irectly impact the interests of Comité and its members against being subjected to unlawful ethylene oxide emissions and associated health harms." Dkt. 12 at 14. Comité has different interests from the United States in the resolution of the complaint, especially when it comes to potential relief, given Comité members' proximity to the Facility. *See id.* at 10–14.

6.      In the alternative, Comité satisfies the requirements for permissive intervention under Rule 24(b). Its motion is timely, Comité's claims share questions of law or fact with the United States' claims because the claims are the same, and its participation will not prejudice or delay this action. *See* Rule 24(b)(1)(B), (b)(3); Dkt. 12 at 14–15.

7.      Steri-Tech filed an opposition to Comité's Motion to Intervene on December 23, 2025. Dkt. 24. Comité filed a reply in support of its Motion to Intervene on February 2, 2026. Dkt. 29. As of the date of this filing, the Court has not ruled on the Motion to Intervene.

8.      In conferring with the United States, Comité learned this week that the parties plan to hold a Rule 26(f) discovery conference in mid-July.

9.      Comité respectfully requests leave to attend and participate in the Rule 26(f) discovery conference pending the Court's ruling on Comité's Motion to Intervene.

10.     This Court has broad authority to structure discovery and case management to ensure efficiency and judicial economy, including by allowing participation from a pending intervenor in a Rule 26(f) conference. *See, e.g.*, Rule 16(c)(2)(F); *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003) ("District courts exercise broad discretion to manage discovery matters.").

11.     Given Comité's statutory right to intervene, it should be permitted to participate in the development of a proposed discovery plan as a putative intervenor. *See* 7C Wright & Miller's Fed. Prac. & Proc. § 1920 (3d ed. Sept. 2025 update) (Once a court grants intervention, an intervenor becomes a party to the case "entitled to litigate fully on the merits.").

12.     Allowing this participation would also maximize efficient resolution of discovery in this case by allowing all prospective parties' positions to be accounted for in the discovery plan, thereby reducing the need for subsequent discovery conferences and the risk of future discovery disputes.

13.     Comité will suffer material prejudice if excluded from the discovery conference and development of a discovery plan that will govern this litigation. In particular, Comité has a material interest in presenting evidence of injuries to Comité's members attributable to the Salinas Facility's Clean Air Act violations, which will likely require discovery to ascertain.

14.     Comité intends to avoid duplication of the United States' discovery efforts, as explained in support of Comité's Motion to Intervene, and also has unique and discrete interests in connection with Steri-Tech's violations and knowledge of the impact of those violations on the community. Those interests would inform Comité's decision, assuming it is granted intervention, whether to seek any additional discovery after reviewing the United States' proposed discovery.

15.     In the event that other parties raise concerns about the scope of Comité's

supplemental discovery requests, the Court can best evaluate them at that time with the actual

requests before the Court.

Accordingly, Comité respectfully requests that the Court grant this motion and allow

Comité to attend and participate in the discovery conference in July, pending a ruling on

Comité's Motion to Intervene.

Respectfully submitted,


Date: July 9, 2026

*/s/ Laura Arroyo*
Laura Arroyo
U.S.D.C.-P.R. Bar No. 228312
Earthjustice
4500 Biscayne Boulevard, Suite 201
Miami, FL 33137
Phone: (305) 440-5432
larroyo@earthjustice.org

*/s/ Deena Tumeh*
Deena Tumeh (pro hac vice)
John E. Bies (pro hac vice)
Lillian Zhou (pro hac vice)
Earthjustice
1250 I Street NW, 4th Floor
Washington, DC 20005
Phone: (202) 667-4500
dtumeh@earthjustice.org
jbies@earthjustice.org
lzhou@earthjustice.org

*Counsel for Comité Diálogo Ambiental*